1  Anthony Raimondo, #200387
      *apr@raimondomiller.com*
2  James D. Miller, #207709
      *jdm@raimondomiller.com*
3  Kevin B. Piercy, #322029
      *kbp@raimondomiller.com*
4  Ryan W. Porte, #325463
      *rwp@raimondomiller.com*
5
6  RAIMONDO | MILLER, a Law Corporation
   P.O. Box 28100
   Fresno, California 93729
7  Telephone: (559) 432-3000
   Facsimile: (559) 432-2242
8
9  Attorneys for Defendant
   Setton Pistachio of Terra Bella, Inc.

(SPACE BELOW FOR FILING STAMP ONLY)

10
                **UNITED STATES DISTRICT COURT**
11
                **EASTERN DISTRICT OF CALIFORNIA**
12

13  JUSTIN HESTER, individually, and on behalf
14  of other aggrieved employees pursuant to the
    California Private Attorneys General Act
15
            Plaintiff,
16
        v.
17
    SETTON PISTACHIO OF TERRA BELLA,
18  INC., a California corporation; and DOES 1
    through 100, inclusive,
19
            Defendants.
20

21

Case No.

[Tulare County Sup. Ct. Case No. VCU287299]

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT SETTON PISTACHIO OF TERRA BELLA, INC.**

22      **TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE EASTERN**

23  **DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE** that Defendant SETTON

24  PISTACHIO OF TERRA BELLA, INC. ("Setton"), a California corporation, hereby removes the

25  above-captioned case from the Superior Court in the State of California for the County of Tulare

26  (Case No. VCU287299) to this Court, the United States District Court for the Eastern District of

27  California.  The removal is based on 28 U.S.C. section 1332(d) (the Class Action Fairness Act or

28  "CAFA"), 28 U.S.C. section 1331 (federal question jurisdiction), 28 U.S.C. section 1441 et seq., and

**NOTICE OF REMOVAL TO FEDERAL COURT**

Article III, Section 2 of United States Constitution. This Notice of Removal is supported by the Declarations of Lee Cohen ("Cohen Decl.") and Kevin B. Piercy ("Piercy Decl."), and the supporting papers and exhibits filed herewith.

## I.    SUMMARY OF PLEADINGS FILED IN THE STATE ACTION

On May 18, 2021, Plaintiff Justin Hester, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, commenced the above-captioned state civil action by filing a Complaint in the Superior Court of the State of California for the County of Tulare with Case No. 287299 (the "State Action"). Setton demurred to Plaintiff's Complaint, which was granted in part and denied in part. Thereafter, Plaintiff filed a First Amended Complaint on November 12, 2021, pursuant to the Order on Demurrer.

Plaintiff's State Action alleges a Private Attorneys General Act ("PAGA") claim but also contains language equivalent to a class action claim whereby Plaintiff seeks to act as an aggrieved employee representative on behalf of other aggrieved employees for penalties for meal and rest break violations, failure to pay minimum wages, failure to reimburse expenses, and further alleges a uniform policy and systematic scheme of wage abuse. Further, Plaintiff's claims affect over 100 employees, and thus, raise concerns of manageability of the claims. Plaintiff also requests a jury trial, which is only available for a class action. Plaintiff also seeks penalties for unnamed aggrieved employees who are entitled to a pro rata property interest of 25% of the penalties, which due process requires notice and opportunity to be heard under Rule 23 governing class actions. Also, just like class actions, the State Action was deemed complex by the state court.

Setton filed its Answer to the First Amended Complaint in the State Action on December 17, 2021. Setton now removes the State Action to this Court. True and correct copies of all process, pleadings, and orders filed in the State Action are attached to this Notice as **Exhibit A**.

On April 18, 2022, for the first time, Plaintiff's counsel set forth, in writing, a summary of Plaintiff's damage calculations to support its settlement demand, which totaled over the $5,000,000 threshold amount required under CAFA.[1]

---

[1] The disclosure of this amount is limited only to establish that this case qualifies for CAFA jurisdiction and is not to be construed as an admission of any fact or concession as to any allegations made by any party.

**NOTICE OF REMOVAL TO FEDERAL COURT**

## II.    STATEMENT OF VENUE AND INTRADISTRICT ASSIGNMENT

Venue is proper in the United States District Court for the Eastern District of California because Plaintiff filed his Complaint in the Superior Court of California for the County of Tulare and alleges the acts upon which his claims are based arose in Tulare County.  28 U.S.C. §§ 84(b) and 1391(b); *see also* First Amended Complaint, p. 1, ¶ 4.  This case, with the State Action arising from the County of Tulare, shall be assigned to the Fresno, Bakersfield, or Yosemite National Park Division pursuant to Local Rule 120(d).

## III.    THE COURT HAS ORIGINAL JURISDICTION BASED ON THE CLASS
##           ACTION FAIRNESS ACT ("CAFA")

Under CAFA, a federal court has original jurisdiction over civil matters in which: (1) any member of the putative class is a citizen of a state different from that of any defendant; (2) the aggregate number of putative class members is 100 or greater; and (3) the aggregate amount in controversy exceeds the sum or value of $5 million (exclusive of interest and costs).  28 U.S.C. § 1332(d).  A defendant has the burden of establishing removal jurisdiction under CAFA.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

### A.    At Least One Member of the Putative Class Is a Citizen of a Different State
###         Than Any Defendant

Setton is and has been a registered California corporation whose laws it is organized under since the filing of Plaintiff's state court action, up to, and will continue through, the filing of the Notice of Removal to Federal Court.  *See* Cohen Decl., p. 2 ¶ 3.  Setton is headquartered in Terra Bella, California.  *Id.* at p. 2 ¶ 4.  Under 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business . . . ."  Furthermore, based upon a recent review of Setton's business records at least one of Setton's workers is not a citizen of California and is a citizen of a foreign country.  *See* Cohen Decl., p. 2 ¶ 6.

Setton is the only named defendant in the State Action other than unknown Doe defendants.  As to those unnamed defendants, Defendant is without information sufficient to form a belief as to the identities of the putative defendants titled "Does 1 through 100."  However, under CAFA, this

3

action "may be removed by any defendant without the consent of all defendants."  28 U.S.C. § 1453(b).  Moreover, unknown defendants are not otherwise required to consent to or join in a notice of removal.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988).

**B.     The Class Contains More Than 100 Members**

Based upon Plaintiff's allegations in his First Amended Complaint, the date of the initial Complaint was filed, and the fact that Setton employees more than 100 employees every year, the class consists of more than 100 members. *See* Cohen Decl., p. 2, ¶ 4; *see also* Plaintiff's First Amended Complaint, p. 4, ¶ 20 (alleging that Plaintiff worked "from approximately September 2018 to approximately March 2020 . . . ."). Thus, it is undisputed that the estimated class size is more than the requisite 100 members.

**C.     The Amount In Controversy Exceeds $5,000,000**

Setton has the burden of producing evidence that it is "more likely than not" that the jurisdictional threshold is in controversy.  *See Sanchez v. Monumental Life Ins.*, 95 F.3d 856, 860 (9th Cir. 1996).  "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 (E.D. Cal. 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).  In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Id.*  Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.  *Id.*  The Court also has discretion to accept "summary-judgment-type evidence to the amount in controversy at the time of removal."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377) (also holding that a judicial admission may establish the amount in controversy).  However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain

1    evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549

2    (2014).

3         Here, Plaintiff clearly believes that his claims in the First Amended Complaint are worth

4    well over the $5,000,000 threshold. At mediation, Setton's counsel received from Plaintiff's counsel

5    a typed-out estimate of damages in document form, which stated an amount well over $5,000,000.

6    *See* Piercy Decl., p. 2, ¶ 3; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A

7    settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable

8    estimate of the plaintiff's claim."). This was the first time such a document was ever received by

9    Setton or Setton's counsel. *See* Cohen Decl., p. 2, ¶ 5; *see also* Piercy Decl., p. 2, ¶ 3.

10   **IV.   ALL   PROCEDURAL   REQUIREMENTS   FOR   REMOVAL   HAVE   BEEN**

11   **SATISFIED**

12        Pursuant to 28 U.S.C. section 1446, subsection (a), a true and correct copy of all of the

13   process, pleadings, and orders from the State Action that have been served upon Plaintiff are being

14   filed with this Notice of Removal. To date, the only process, pleadings, and orders on file in the

15   State Action are Plaintiff's initial Complaint, Order on Setton's Demurrer to the initial Complaint,

16   Order Deeming the Case Complex and Continuing the Trial Date, Plaintiff's First Amended

17   Complaint, and Setton's Answer to the First Amended Complaint, copies of all of which are attached

18   hereto as **Exhibit A**.

19   **V.   TIMELINESS OF REMOVAL**

20        This Notice of Removal is timely. Under 28 U.S.C section 1453(b), "A class action may be

21   removed to a district court of the United States in accordance with section 1446 (except that the 1-

22   year limitation under section 1446(c)(1) shall not apply) . . . ." Under 28 U.S.C. section 1446(b)(3),

23   "if the case stated by the initial pleading is not removable, a notice of removal may be filed within

24   thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

25   pleading, motion, order or other paper from which it may first be ascertained that the case is one

26   which is or has become removable."

27        Setton received documentation in support of Plaintiff's settlement demand at the mediation,

28   which occurred on April 18, 2022, which was 30 days ago. *See* Piercy Decl., p. 2, ¶ 3. Thus,

1 | Setton's removal is timely.

2 | **VI.    NOTICE TO PLAINTIFF AND STATE COURT**

3 | As required by 28 U.S.C. sections 1446(b) and 1446(d), Setton will provide Plaintiff,

4 | through his counsel of record, with written notice of this removal, and will file a copy of this Notice

5 | of Removal with the Superior Court of California for the County of Tulare.

6 | **VII.    CONCLUSION**

7 | WHEREFORE, Setton hereby removes the State Action to this Court.    In the event this

8 | Court has a question regarding the propriety of this Notice of Removal, Setton requests that the

9 | Court issues an Order to Show Cause so that Setton may have an opportunity to brief the basis more

10 | fully for this removal, and/or provide this Court with any additional support it may require.

11 | Dated:  May 18, 2022                                    RAIMONDO | MILLER, ALC

12 |

13 |                                                         By:_____  /s/ James D. Miller_____

14 |                                                              Anthony Raimondo
                                                               James D. Miller

15 |                                                              Kevin B. Piercy
                                                              Attorneys for Defendant

16 |                                                         Setton Pistachio of Terra Bella, Inc.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**NOTICE OF REMOVAL TO FEDERAL COURT**

# EXHIBIT A

# Process

# and

# Pleadings

# Page Left Intentionally Blank

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Edwin Aiwazian (State Bar No. 232943)
Lawyers for Justice, PC
410 Arden Avenue, Suite 203
Glendale, California 91203
TELEPHONE NO.: (818) 265-1020    FAX NO. (818) 265-1021
ATTORNEY FOR (Name): Plaintiff Justin Hester

**FOR COURT USE ONLY**

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

MAY 18 2021

STEPHANIE CAMERON, CLERK
BY:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Tulare
STREET ADDRESS: 221 South Mooney Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Visalia, CA 93291
BRANCH NAME: Visalia (County Civic Center)

CASE NAME:
Hester vs. Setton Pistachio of Terra Bella, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: # 287299 |
|---|---|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ✔ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 17, 2021
Edwin Aiwazian
_____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

COPY

BY FAX

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# Page Left Intentionally Blank

Assigned to Judicial Officer: BRET D. HILLMAN

For All Purposes

**FILED**
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

**MAY 18 2021**

STEPHANIE CAMERON, CLERK

BY: **Farm Ching**

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

CASE MANAGEMENT CONFERENCE

Hearing Date: 10-13-2021
Time: 8:30 a.m.
Department: 7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF TULARE

JUSTIN HESTER, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

Plaintiff,

vs.

SETTON PISTACHIO OF TERRA BELLA, INC., a California corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: **#_ 2 8 7 2 9 9**

**COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**

Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

BY FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff JUSTIN HESTER ("Plaintiff"), individually, and on behalf

2    of other aggrieved employees pursuant to the California Private Attorneys General Act, and

3    alleges as follows:

## JURISDICTION AND VENUE

4

5    1.    This representative action is brought pursuant to the California Labor Code

6    section 2698, et seq. The civil penalties sought by Plaintiff exceed the minimal jurisdiction

7    limits of the Superior Court and will be established according to proof at trial.

8    2.    This Court has jurisdiction over this action pursuant to the California

9    Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in

10    all other causes" except those given by statute to other courts. The statutes under which this

11    action is brought do not specify any other basis for jurisdiction.

12    3.    This Court has jurisdiction over Defendant because, upon information and

13    belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or

14    otherwise intentionally avails itself of the California market so as to render the exercise of

15    jurisdiction over it by the California courts consistent with traditional notions of fair play and

16    substantial justice.

17    4.    Venue is proper in this Court because, upon information and belief,

18    Defendant maintains offices, has agents, and/or transacts business in the State of California,

19    including the County of Tulare. The majority of the acts and omissions alleged herein

20    relating to Plaintiff and the other aggrieved employees took place in the State of California,

21    including the County of Tulare. At all relevant times, Defendant maintained its

22    headquarters/"nerve center" within the State of California, County of Tulare.

## PARTIES

23

24    5.    Plaintiff JUSTIN HESTER is an individual residing in the State of California,

25    County of Tulare.

26    6.    Defendant SETTON PISTACHIO OF TERRA BELLA, INC. at all times

27    herein mentioned, was and is, upon information and belief, a California corporation, and at

28    ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1    all times herein mentioned, an employer whose employees are engaged throughout the State

2    of California, including the County of Tulare.

3        7.    At all relevant times, SETTON PISTACHIO OF TERRA BELLA, INC. was

4    the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

5        8.    At all times herein relevant, SETTON PISTACHIO OF TERRA BELLA, INC.

6    and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint

7    employers, representatives, servants, employees, successors-in-interest, co-conspirators and

8    assigns, each of the other, and at all times relevant hereto were acting within the course and

9    scope of their authority as such agents, partners, joint venturers, representatives, servants,

10   employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged

11   herein were duly committed with the ratification, knowledge, permission, encouragement,

12   authorization and/or consent of each defendant designated as a DOE herein.

13       9.    The true names and capacities, whether corporate, associate, individual or

14   otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues

15   said defendants by such fictitious names.  Plaintiff is informed and believes, and based on

16   that information and belief alleges, that each of the defendants designated as a DOE is legally

17   responsible for the events and happenings referred to in this Complaint, and unlawfully

18   caused the injuries and damages to Plaintiff as alleged in this Complaint.  Plaintiff will seek

19   leave of court to amend this Complaint to show the true names and capacities when the same

20   have been ascertained.

21       10.   SETTON PISTACHIO OF TERRA BELLA, INC. and DOES 1 through 100

22   will hereinafter collectively be referred to as "Defendants."

23       11.   Plaintiff further alleges that Defendants including the unknown defendants

24   identified as DOES, directly or indirectly controlled or affected the working conditions,

25   wages, working hours, and conditions of employment of Plaintiff and the other aggrieved

26   employees so as to make each of said Defendants employers and employers liable under the

27   statutory provisions set forth herein.

28   ///

2

## PAGA ALLEGATIONS

12.     At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

13.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

14.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

15.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

16.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

a.     The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the Labor & Workforce Development Agency (hereinafter "LWDA") and by U.S. Certified Mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.     The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

intend to investigate the alleged violation within sixty (60) calendar
days of the postmark date of the Employee's Notice. Upon receipt of
the LWDA Notice, or if the LWDA Notice is not provided within
sixty-five (65) calendar days of the postmark date of the Employee's
Notice, the aggrieved employee may commence a civil action pursuant
to California Labor Code section 2699 to recover civil penalties in
addition to any other penalties to which the employee may be entitled.

17.    On March 12, 2021, Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant SETTON PISTACHIO OF TERRA BELLA, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff has not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff's notice.

18.    Therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

**GENERAL ALLEGATIONS**

19.    At all relevant times set forth herein, Defendants employed Plaintiff and other aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California, including, but not limited to, all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California who earned shift differentials/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the correct regular rate of pay used to calculate the overtime rate (hereinafter collectively referred to as the "other aggrieved employees").

20.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately September 2018 to approximately March 2020 in the State of California, County of Tulare.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21.     Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks.

22.     Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

23.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

24.     Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

25.     Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

26.     Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees.  This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other aggrieved employees the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them during their employment. Plaintiff and the other aggrieved employees did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other aggrieved employees.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to reimbursement for necessary business-related expenses and costs.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

39.    At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other aggrieved employees.  Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

40.    At all material times set forth herein, Defendants failed to provide uninterrupted meal and rest periods to Plaintiff and the other aggrieved employees.

41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

///

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

42.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

43.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

44.     At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

45.     At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

46.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

47.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants' profits.

48.     California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code § 2698, et seq.

### (Against SETTON PISTACHIO OF TERRA BELLA, INC. and DOES 1 through 100)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.     PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

8

51. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

52. Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

**Failure to Pay Overtime**

53. Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

54. Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

55. Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

56. Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

**Failure to Timely Pay Wages Upon Termination**

57. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Timely Pay Wages During Employment**

58.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

59.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

60.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

61.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

62.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

        a.     Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b.     Penalties under California Code of Regulations Title 8 section 11010 et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c.     Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d.     Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

63.     Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

64.     Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, in excess of twenty-five thousand dollars ($25,000):

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

1

**<u>As to the First Cause of Action</u>**

2      1.     For civil penalties pursuant to California Labor Code sections 2699(a), (f) and

3 (g), costs/expenses, and attorneys' fees for violation of California Labor Code sections 201,

4 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and

5 2802; and

6      2.     For such other and further relief as the Court may deem equitable and

7 appropriate.

8

9 DATED: May 17, 2021

10

11 LAWYERS *for* JUSTICE, PC

By:

Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

# Page Left Intentionally Blank

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SETTON PISTACHIO OF TERRA BELLA, INC., a California
corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUSTIN HESTER, individually, and on behalf of other aggrieved
employees pursuant to the California Private Attorneys General Act;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* State of California | CASE NUMBER:<br>*(Número del Caso):* # **287299** |

Tulare County Superior Court, Visalia (County Civic Center)
221 South Mooney Boulevard, Visalia, California 93291

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Suite 203, Glendale, CA 91203; Telephone No. (818) 265-1020

DATE: **MAY 1 8 2021**        **Stephanie Cameron**    Clerk, by _____**Farm Ching**_____, Deputy
*(Fecha)*                                      *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SETTON PISTACHIO TERRA BELLA, INC.,
   a California corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |



BY FAX

# Page Left Intentionally Blank

Edwin Aiwazian (SBN 232943)
**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF TULARE

| | |
|---|---|
| JUSTIN HESTER, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; <br><br> Plaintiff, <br><br> vs. <br><br> SETTON PISTACHIO OF TERRA BELLA, INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: VCU287299 <br><br> **FIRST AMENDED COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.** <br><br> Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004) <br><br> **DEMAND FOR JURY TRIAL** |

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff JUSTIN HESTER ("Plaintiff"), individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.      This representative action is brought pursuant to the California Labor Code section 2698, et seq. The civil penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, including the County of Tulare. The majority of the acts and omissions alleged herein relating to Plaintiff and the other aggrieved employees took place in the State of California, including the County of Tulare. At all relevant times, Defendant maintained its headquarters/"nerve center" within the State of California, County of Tulare.

## PARTIES

5.      Plaintiff JUSTIN HESTER is an individual residing in the State of California, County of Tulare.

6.      Defendant SETTON PISTACHIO OF TERRA BELLA, INC. at all times herein mentioned, was and is, upon information and belief, a California corporation, and at
///

1

1  all times herein mentioned, an employer whose employees are engaged throughout the State

2  of California, including the County of Tulare.

3       7.    At all relevant times, SETTON PISTACHIO OF TERRA BELLA, INC. was

4  the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

5       8.    At all times herein relevant, SETTON PISTACHIO OF TERRA BELLA, INC.

6  and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint

7  employers, representatives, servants, employees, successors-in-interest, co-conspirators and

8  assigns, each of the other, and at all times relevant hereto were acting within the course and

9  scope of their authority as such agents, partners, joint venturers, representatives, servants,

10  employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged

11  herein were duly committed with the ratification, knowledge, permission, encouragement,

12  authorization and/or consent of each defendant designated as a DOE herein.

13       9.    The true names and capacities, whether corporate, associate, individual or

14  otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues

15  said defendants by such fictitious names. Plaintiff is informed and believes, and based on

16  that information and belief alleges, that each of the defendants designated as a DOE is legally

17  responsible for the events and happenings referred to in this Complaint, and unlawfully

18  caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek

19  leave of court to amend this Complaint to show the true names and capacities when the same

20  have been ascertained.

21       10.    SETTON PISTACHIO OF TERRA BELLA, INC. and DOES 1 through 100

22  will hereinafter collectively be referred to as "Defendants."

23       11.    Plaintiff further alleges that Defendants including the unknown defendants

24  identified as DOES, directly or indirectly controlled or affected the working conditions,

25  wages, working hours, and conditions of employment of Plaintiff and the other aggrieved

26  employees so as to make each of said Defendants employers and employers liable under the

27  statutory provisions set forth herein.

28  ///

FIRST AMENDED COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PAGA ALLEGATIONS**

12.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

13.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

14.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

15.    Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

16.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

      a.    The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the Labor & Workforce Development Agency (hereinafter "LWDA") and by U.S. Certified Mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

      b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

17.    On March 12, 2021, Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant SETTON PISTACHIO OF TERRA BELLA, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff has not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff's notice.

18.    Therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

**GENERAL ALLEGATIONS**

19.    At all relevant times set forth herein, Defendants employed Plaintiff and other aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California, including, but not limited to, all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California who earned shift differentials/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the correct regular rate of pay used to calculate the overtime rate (hereinafter collectively referred to as the "other aggrieved employees").

20.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately September 2018 to approximately March 2020 in the State of California, County of Tulare.

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21.    Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks.

22.    Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

23.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

24.    Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

25.    Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

26.    Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees.  This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other aggrieved employees the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them during their employment.  Plaintiff and the other aggrieved employees did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other aggrieved employees.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to reimbursement for necessary business-related expenses and costs.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

39.    At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other aggrieved employees. Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

40.    At all material times set forth herein, Defendants failed to provide uninterrupted meal and rest periods to Plaintiff and the other aggrieved employees.

41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

///

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

42. At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

43. At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

44. At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

45. At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

46. At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

47. At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants' profits.

48. California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code § 2698, et seq.

### (Against SETTON PISTACHIO OF TERRA BELLA, INC. and DOES 1 through 100)

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

51.     Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

52.     Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Provide Meal Periods

53.     Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

54.     Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Timely Pay Wages During Employment

55.     Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Keep Complete and Accurate Payroll Records

56.     Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

57.     Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California

2    Labor Code sections 2800 and 2802.

3         58.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on

4    behalf of all aggrieved employees, requests and is entitled to recover from Defendants and

5    each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as

6    well as all penalties pursuant to PAGA against Defendants, and each of them, including but

7    not limited to:

8              a.    Penalties under California Labor Code section 2699 in the amount of a

9                    hundred dollars ($100) for each aggrieved employee per pay period for

10                   the initial violation, and two hundred dollars ($200) for each aggrieved

11                   employee per pay period for each subsequent violation;

12             b.    Penalties under California Code of Regulations Title 8 section 11010 et

13                   seq. in the amount of fifty dollars ($50) for each aggrieved employee per

14                   pay period for the initial violation, and one hundred dollars ($100) for

15                   each aggrieved employee per pay period for each subsequent violation;

16             c.    Penalties under California Labor Code section 210 in addition to, and

17                   entirely independent and apart from, any other penalty provided in the

18                   California Labor Code in the amount of a hundred dollars ($100) for

19                   each aggrieved employee per pay period for the initial violation, and two

20                   hundred dollars ($200) for each aggrieved employee per pay period for

21                   each subsequent violation; and

22             d.    Any and all additional penalties and sums as provided by the California

23                   Labor Code and/or other statutes.

24        59.    Pursuant to California Labor Code section 2699(i), civil penalties recovered

25    by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the

26    Labor and Workforce Development Agency for the enforcement of labor laws and education

27    of employers and employees about their rights and responsibilities and twenty-five percent

28    (25%) to the aggrieved employees.

FIRST AMENDED COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

60.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, in excess of twenty-five thousand dollars ($25,000):

### As to the First Cause of Action

1.    For civil penalties pursuant to California Labor Code sections 2699(a), (f) and (g), costs/expenses, and attorneys' fees for violation of California Labor Code sections 204, 226.7, 512(a), 1174(d), 2800 and 2802; and

2.    For such other and further relief as the Court may deem equitable and appropriate.

DATED:  November 12, 2021

LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

     On November 12, 2021, I served the foregoing document(s) described as:
- **FIRST AMENDED COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**

on interested parties in this action as follows:

Anthony Raimondo
James D. Miller
Kevin B. Piercy
**RAIMONDO & ASSOCIATE,** a Law Corporation
7110 N. Marks Avenue, Suite 104
Fresno, CA 93711
Mailing Address: P.O. Box 28100
Fresno, CA 93729

P.O. Box 28100
Fresno, CA 93729

*Attorneys for* Defendant Setton Pistachio of Terra Bella, Inc.

**[X]**    **BY GENERAL LOGISTICS SYSTEMS (GLS)/FEDEX EXPRESS**
    I placed such documents in a General Logistics Systems (GLS)/FedEx Express Envelope addressed to the party or parties listed above with delivery fees fully pre-paid for overnight delivery by the close of the next business day, and caused it to be delivered to a General Logistics Systems (GLS) drop-off box before 7:00/FedEx Express 5:00 p.m. on the stated date.

**[X]**    **BY U.S. MAIL**
    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

///
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

**[X]**   **STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 12, 2021, at Glendale, California.

Celenia Ramos

Celenia Ramos



RECEIVED

NOV 1 5 2021

BY:

---

**PROOF OF SERVICE**

# Page Left Intentionally Blank

1  Anthony Raimondo, #200387
      *apr@raimondoassociates.com*
2  James D. Miller, #207709
      *jdm@raimondoassociates.com*
3  Kevin B. Piercy, #322029
      *kbp@raimondoassociates.com*
4  RAIMONDO & ASSOCIATES, a Law Corporation
   P.O. Box 28100
5  Fresno, California 93729
   Telephone:    (559) 432-3000
6  Facsimile:    (559) 432-2242

7  Attorneys for Defendant
   Setton Pistachio of Terra Bella, Inc.

8

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

DEC 17 2021

STEPHANIE CAMERON, CLERK
BY: _____
Leticia Hernandez-Sandoval

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF TULARE

12

13  JUSTIN HESTER, individually, and on behalf
    of other aggrieved employees pursuant to the
14  California Private Attorneys General Act

15              Plaintiff,

16       v.

17  SETTON PISTACHIO OF TERRA BELLA,
    INC., a California corporation; and DOES 1
18  through 100, inclusive,

19              Defendants.

20

Case No. 287299

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Complaint Filed:  May 18, 2021

21       Defendant, SETTON PISTACHIO OF TERRA BELLA, INC., ("Defendant"), hereby answers

22  the Complaint filed by Plaintiff, JUSTIN HESTER ("Plaintiff") as follows:

23                            **I.**

24                      **GENERAL DENIAL**

25       Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally and

26  specifically each and every allegation contained in the Complaint.  In addition, Defendant denies that

27  Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or

28  otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of

RAIMONDO &
ASSOCIATES
P.O. Box 28100
Fresno, CA 93729

BY FAX

---
**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

1  Defendant.

2  **II**

3  **AFFIRMATIVE DEFENSES**

4  Without waiving or excusing the burden of proof of Plaintiff, or admitting that

5  Defendant has any burden of proof; Defendant asserts the following affirmative defenses:

6  **FIRST AFFIRMATIVE DEFENSE**

7  **(Failure to State a Cause of Action)**

8  As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each

9  and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action

10  upon which relief can be granted.

11  **SECOND AFFIRMATIVE DEFENSE**

12  **(Failure to Mitigate)**

13  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative

14  class members have failed, refused, and/or neglected to mitigate or avoid the damages complained of

15  in the Complaint, if any.

16  **THIRD AFFIRMATIVE DEFENSE**

17  **(Laches)**

18  As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and

19  each and every alleged cause of action therein are barred, in whole or in part, by the equitable

20  doctrine of laches.

21  **FOURTH AFFIRMATIVE DEFENSE**

22  **(Estoppel)**

23  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative

24  class members are estopped by their conduct from asserting each of the causes of action upon which

25  they seek relief.

26  **FIFTH AFFIRMATIVE DEFENSE**

27  **(Waiver)**

28  As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each

RAIMONDO &
ASSOCIATES
P.O. Box 28100
Fresno, CA 93729

2

1  and every alleged cause of action therein are barred by the doctrine of waiver.

2  ## SIXTH AFFIRMATIVE DEFENSE

3  ### (Consent)

4  As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each

5  and every alleged cause of action therein are barred, in whole or in part, because Plaintiff consented

6  to the conduct about which they now complain.

7  ## SEVENTH AFFIRMATIVE DEFENSE

8  ### (Unjust Enrichment)

9  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative

10  class members have not suffered any losses and Defendant has not been unjustly enriched as a result

11  of any action or inaction by Defendant or its agents.   Plaintiff is therefore not entitled to any

12  disgorgement or restitution.

13  ## EIGHTH AFFIRMATIVE DEFENSE

14  ### (No Unpaid Wages)

15  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative

16  class members have been paid and/or received all wages due to them by virtue of their employment.

17  ## NINTH AFFIRMATIVE DEFENSE

18  ### (Statute of Limitations)

19  As a separate and distinct affirmative defense, Defendant alleges that all or portions of the

20  claims set forth in the Complaint are barred by the applicable statute of limitations, including, but

21  not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, 343, and

22  California Business and Professions Code sections 16750.1 and 17208.

23  ## TENTH AFFIRMATIVE DEFENSE

24  ### (Good Faith)

25  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative

26  class members were treated fairly and in good faith, and that all actions taken with regard to them

27  were taken for lawful business reasons and in good faith.

28  ///

RAIMONDO &
ASSOCIATES
P.O. Box 28100
Fresno, CA 93729

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Violation of California Labor Code or any Wage Order of the Industrial Welfare Commission)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Willful Failure to Pay)**

As a separate and distinct affirmative defense, Defendant alleges that assuming *arguendo* that Plaintiff and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members, to justify any awards of penalties or fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to him prior to commencing this action.

///

RAIMONDO &
ASSOCIATES
P.O. Box 28100
Fresno, CA 93729

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2

**(Lack of Standing)**

3       As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing

4 to bring his claims as to all or a portion of the claims alleged in the Complaint.

5

**SIXTEENTH AFFIRMATIVE DEFENSE**

6

**(Lack of Due Process)**

7       As a separate and distinct affirmative defense, Defendant alleges that, to the extent that

8 Plaintiff claims penalties, such claims must comport with the due process requirements of *State Farm*

9 *v. Campbell,* 538 U.S. 408 (2003) and subsequent case law regarding the same issue.

10

**SEVENTEENTH AFFIRMATIVE DEFENSE**

11

**(Reservation)**

12       As a separate and distinct affirmative defense, Defendant states that it does not presently know

13 all facts concerning the conduct of Plaintiff and his claims sufficient to state all affirmative defenses at

14 this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts

15 demonstrating the existence of additional affirmative defenses.

16

**PRAYER FOR RELIEF**

17       WHEREFORE, Defendant pray for judgment from this Court as follows:

18       1.       Plaintiff takes nothing by this action;

19       2.       That the Complaint be dismissed with prejudice and that judgment be entered

20 against Plaintiff and in favor of Defendant on each cause of action;

21       3.       That Defendant be awarded their attorneys' fees and costs of suit herein to the

22 extent permitted under applicable law; and

23       4.       Such other and further relief as the Court deems appropriate and proper.

24 ///

25 ///

26 ///

27 ///

28 ///

RAIMONDO &
ASSOCIATES
P.O. Box 28100
Fresno, CA 93729

5

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

1  Dated:  December 17, 2021                    RAIMONDO & ASSOCIATES, ALC

2

3

4                                                By:_____
                                                        Kevin B. Piercy
5                                                    Attorneys for Defendant
                                                Setton Pistachio of Terra Bella, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RAIMONDO &
ASSOCIATES
P.O. Box 28100
Fresno, CA 93729

                                          6
                    DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

1

**PROOF OF SERVICE**

2

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Raimondo & Associates, 7110 North Marks

3

Avenue, Suite 104, Fresno, California 93711. My business mailing address is Raimondo & Associates, P.O. Box 28100, Fresno, California 93729. On December 17, 2021, I served the within

4

documents:

5

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

6

  ☒  **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed

7

        to the person(s) at the address(es) set forth below. I placed the envelope for collection and mailing following ordinary business practices. I am readily familiar

8

        with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing,

9

        it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

10

11

        I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Fresno, California.

12

  ☒  **BY ELECTRONIC SUBMISSION:** Based on a court order or an agreement of

13

        the parties to accept electronic service, I caused the document(s) to be sent to the person(s) at the electronic service address(es) listed below.

14

15

Edwin Aiwazian, Esq.
LAWYERS FOR JUSTICE, PC

16

410 West Arden Avenue, Suite 203
Glendale, CA 91203

17

TEL: 818-265-1020
FAX: 818-265-1021

18

e-service@calljustice.com

19

*Attorneys for Plaintiff,*

20

*JUSTIN HESTER*

21

     I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

22

affidavit.

23

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

     Executed on December 17, 2021, at Fresno, California.

25

26

27

Jason Dunbar

28

Page Left
Intentionally
Blank

# Orders

# Page Left Intentionally Blank

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

**OCT 28 2021**

STEPHANIE CAMERON, CLERK
BY:

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF TULARE

JUSTIN HESTER,
        Plaintiff,

VS.

SETTON PISTACHIO OF TERRA BELLA,
INC.,
        Defendant.

Case No.:  VCU287299

RULING
ON DEMURRER
TO
PLAINTIFF'S
COMPLAINT

The court sustains defendants' demurrer to plaintiff's complaint with fifteen days leave to amend as to claims 1,4,5, and 7. The court overrules the demurrer as to claims 2,3,6,8 and 9. Defendant's Request for Judicial Notice is granted. Evidence Code §452(h)

**OPERATIVE FACTS**

Plaintiff Justin Hester is seeking relief under the Private Attorneys Generals Act. His complaint was filed May 18,2021, Defendant asserts that certain of these PAGA claims are covered by existing litigation *Lilia Ali v. Setton Pistachios of Terra Bella* pending in this county, VCU 265134

- 1 -

**STANDARD OF REVIEW**

A demurrer tests whether a pleading states a cause of action or defense, and in the words of the California Supreme Court in *Moore v. Regents of the Univ. of Cal.* (1990) 51 Cal.3d 120, 125: "Accordingly, we assume that complaint's properly pleaded material allegations are true and give the complaint a reasonable interpretation by reading it as a whole and all of its parts in their context . . . we do not, however, assume the truth of the contentions, deductions, or conclusions of fact or law . . ." (citations omitted.)

For the purpose of testing the sufficiency of a cause of action, the demurrer admits the truth of all material facts properly pleaded – no matter how unlikely or improbably the allegations may be. See *Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 966-967, The plaintiff's ability or inability to prove the allegations is of no concern at the demurrer stage. See *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197-213-214

Where the facts alleged in a cause of action are inadequate or impermissible as a matter of law to sustain that cause of action, a demurrer is appropriate.  See CCP §430.10; *Rakestraw v. California Physician's Service* (2000) 81 Cal.App. 4th 39, 42, 43.  Thus, the function of a demurrer is to test the sufficiency of a pleading by raising questions of law.  See *Whitcomb v. County of Yolo* (1977) 73 Cal.App.3d 698,702.

All presumptions are against the pleader and all doubts as to whether a cause of action is pled are resolved against the proponent of the pleading, since it is presumed that the pleading states the cause as favorably as possible.  See *Richmond Development Agency v. Western Title Guarantee* (1975) 48 Cal.App.3d 343,349.

**AUTHORITY AND ANALYSIS**

Here, certain of the claims are encompassed by the Ali litigation, and some claims are not. At the hearing, the parties agreed that the PAGA claims for violations of Labor code section 510 (failure to pay overtime). Labor code section 1194 and 1197 (failure to pay minimum wage), Labor Code section 226 (failure to provide accurate wage statements), and Labor Code section 201,202 (failure to

1   timely pay wages on termination) were encompassed in the Ali litigation. The demurrers to these

2   claims are sustained with fifteen days leave to amend. Leave to amend should be liberally granted,

3   but the claims identical to those in the Ali action will not be allowed to proceed here. The claims for

4   failure to provide complaint meal and rest periods, failure to keep required payroll records and failure

5   to reimburse necessary business expenses are not part of the Ali to this litigation. The demurrers to

6   these claims are overruled.

7

8   Dated ___10-28-21___

The Honorable Bret D. Hillman
Judge of the Superior Court County of Tulare

- 3 -

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF TULARE**
Visalia Division
221 S Mooney Blvd, Room 303
Visalia, CA 93291
559.730.5000

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

**OCT 29 2021**

STEPHANIE CAMERON, CLERK
BY: _____

**Hester, Justin**
    Plaintiff/Petitioner,

vs.

**Setton Pistachio of Terra Bella, Inc.**
    Defendant/Respondent.

Case No. **VCU287299**

## CLERK'S CERTIFICATE OF SERVICE

I certify that I am not a party to this cause.

I certify that I caused the Ruling dated October 28, 2021 to be served on the persons listed below in the following manner:

☒ **BY MAIL:** I placed the documents for collection and mailing on the date shown, so as to cause it to be mailed in a sealed envelope with postage fully prepaid on that date following standard court practices to the persons and addresses shown. The mailing and this certification occurred at Visalia, California on November 1, 2021.

STEPHANIE CAMERON,
CLERK OF THE SUPERIOR COURT
COUNTY OF TULARE

By _____
Bethany Vasquez, Deputy Clerk

Names and Mailing/E-Mail Address of Person(s) Served:
ANTHONY RAIMONDO
PO BOX 28100
FRESNO, CA 93729

EDWIN AIWAZIAN
410 WEST ARDEN AVENUE, SUITE 203
GLENDALE, CA 91203

Page 1 of 1

Hester, Justin vs. Setton Pistachio of Terra Bella, Inc. - VCU287299

# Page Left Intentionally Blank

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Edwin Aiwazian (SBN 232943); Travis Maher (SBN 327206)<br>LAWYERS for JUSTICE, PC<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 265-1020　　FAX NO. *(Optional):* (818) 265-1021<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Justin Hester | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE |
|---|
| STREET ADDRESS: 221 South Mooney Boulevard |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Visalia, 93291 |
| BRANCH NAME: Visalia (County Civic Center) - Civil Division |

| PLAINTIFF/PETITIONER: Justin Hester |
|---|
| DEFENDANT/RESPONDENT: Setton Pistachio of Terra Bella, Inc. |

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER<br><br>*(Check one):*　☑ **UNLIMITED CASE**　☐ **LIMITED CASE**<br>　　　　　　　　(Amount demanded　　(Amount demanded was<br>　　　　　　　　exceeded $25,000)　　$25,000 or less) | CASE NUMBER:<br>VCU287299 / Dept 7 |
|---|---|

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):* February 25, 2022

2. A copy of the judgment, decree, or order is attached to this notice.

   **EXHIBIT A** - Order Deeming Case Complex and Continuing Trial Date and Related Pre-Trial Deadlines

Date: March 3, 2022

Edwin Aiwazian
_____
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶

_____
(SIGNATURE)

Page 1 of 2

# EXHIBIT A

1   Edwin Aiwazian (SBN 232943)
2   Arby Aiwazian (SBN 269827)
    Tara Zabehi (SBN 314706)
    Travis J. Maher (SBN 327206)
3   **LAWYERS *for* JUSTICE, PC**
    410 West Arden Avenue, Suite 203
4   Glendale, California 91203
    Tel: (818) 265-1020 / Fax: (818) 265-1021
5
    *Attorneys for* Plaintiff
6
    Anthony Raimondo (SBN 200837)
7   James D. Miller (SBN 207709)
    Kevin B. Piercy (SBN 322029)
8   **RAIMONDO & ASSOCIATES, a Law Corporation**
    7110 N. Marks Avenue, Suite 104
9   Fresno, CA 93711
    Mailing Address: P.O. Box 28100
    Fresno, CA 93729
10
11  *Attorneys for* Defendant
12
13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14                     **FOR THE COUNTY OF TULARE**
15
16  JUSTIN HESTER, individually, and on behalf   Case No. VCU287299
    of other aggrieved employees pursuant to the
    California Private Attorneys General Act;      Honorable Bret Hillman
17                                                 Department 7
                  Plaintiff,
18
        vs.                                        **JOINT STIPULATION TO DEEM CASE**
19                                                 **COMPLEX AND CONTINUE TRIAL**
    SETTON PISTACHIO OF TERRA BELLA,               **DATE AND RELATED PRE-TRIAL**
20  INC., a California corporation; and DOES 1     **DEADLINES**
    through 100, inclusive,
21                                                 Complaint Filed:   May 18, 2021
                  Defendants.                      FAC Filed:         November 12, 2021
22                                                 Jury Trial Date:   June 6, 2022
23
24
25
26
27
28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF TULARE
**02/25/2022**
STEPHANIE CAMERON, CLERK
Farm Ching, Deputy

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Plaintiff Justin Hester ("Plaintiff") and Defendant Setton Pistachio of Terra Bella, Inc.

2    ("Defendant")(collectively, "the Parties") by and through their counsel of record, hereby

3    stipulate as follows:

4    **WHEREAS**, on May 18, 2021, Plaintiff's counsel of record filed a PAGA

5    representative lawsuit in the Tulare County Superior Court, on behalf of all current and former

6    hourly-paid or non-exempt individuals employed by Defendant within the State of California

7    from February 24, 2016 to the present ("covered employees"), entitled, *Justin Hester v. Setton*

8    *Pistachio of Terra Bella, Inc.*, Case No. VCU287299, which alleged one cause of action against

9    Defendant, for violation of California Labor Code § 2698, *et seq.* pursuant to the California

10   Private Attorneys General Act ("PAGA"), for the following underlying claims: (1) violation of

11   California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor

12   Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of California Labor

13   Code § 226.7 (unpaid rest period premiums); (4) violation of California Labor Code §§ 1194,

14   1197, and 1197.1 (unpaid minimum wages); (5) violation of California Labor Code §§ 201 and

15   202 (final wages not timely paid); (6) violation of California Labor Code § 204 (wages not

16   timely paid during employment); (7) violation of California Labor Code § 226(a) (non-

17   compliant wage statements); (8) violation of California Labor Code § 1174(d) (failure to keep

18   requisite payroll records); (9) violation of California Labor Code §§ 2800 and 2802

19   (unreimbursed business expenses);

20   **WHEREAS**, on August 30, 2021, Defendant demurred to Plaintiff's Complaint on the

21   basis of a separate pending action, entitled *Lilia Ali v. Setton Pistachio of Terra Bella, Inc.*,

22   Tulare County Superior Court, Case No. PCU265134, which asserts overlapping claims against

23   Defendant pursuant to PAGA, California Labor Code § 2698, *et seq.*;

24   **WHEREAS**, on October 13, 2021, the Court held a Case Management Conference and

25   set the following deadlines: Mediation Completion date: May 2, 2022; Settlement Conference:

26   May 19, 2022 at 8:30 a.m.; Other Trial Related Deadlines including Deadline to Lodge all

27   Documents: May 31, 2022; Trial Readiness Conference: June 3, 2022 at 8:30 a.m.; Jury Trial:

28   June 6, 2022 at 9:00 a.m.; immediately after the Case Management Conference, counsel for

**JOINT STIPULATION TO DEEM CASE COMPLEX AND CONTINUE TRIAL DATE AND RELATED
PRE-TRIAL DEADLINES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff and counsel for Defendant met and conferred and agreed to Justice Steven M. Vartabedian (Ret.) as a suitable private mediator, and informed the Court of the Parties' selection at approximately noon by phone call;

**WHEREAS,** on October 28, 2021, the Court sustained Defendant's Demurrer to Plaintiff's Complaint with leave to amend for the underlying claims numbers 1, 4, 5 and 7, and overruled Defendant's Demurrer as to the underlying claims numbers 2, 3, 6, 8, and 9;

**WHEREAS**, on November 12, 2021, Plaintiff filed a First Amended Complaint ("FAC") which alleges one cause of action against Defendant, for violation of California Labor Code § 2698, *et seq.* pursuant to PAGA, for the following underlying claims: (1) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (2) violation of California Labor Code § 226.7 (unpaid rest period premiums); (3) violation of California Labor Code § 204 (wages not timely paid during employment); (4) violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (5) violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses);

**WHEREAS,** on November 19, 2021, the Parties scheduled private mediation with Justice Steven M. Vartabedian (Ret.) for April 18, 2022;

**WHEREAS**, on December 9, 2021, Plaintiff served written discovery tailored to the FAC on Defendant, which included, Form Interrogatories – General (Set One), Request for Production of Documents (Set One), Special Interrogatories (Sets One, Two);

**WHEREAS**, after meeting and conferring, in order to focus all efforts and costs towards mediation, on December 14, 2021, the Parties agreed to a mutual stay on formal discovery pending mediation, and to allow informal discovery for mediation purposes;

**WHEREAS**, on January 24, 2022, the Parties filed a Joint Stipulation to Continue Trial Date and Related Pre-Trial Deadlines, based on the Parties' agreement to attend private mediation approximately fifty (50) days before Jury Trial, and the corresponding agreement to a mutual stay on formal discovery pending mediation;

**WHEREAS**, on January 25, 2022, the Court denied the Parties' Joint Stipulation to Continue Trial Date and Related Pre-Trial Deadlines;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    **WHEREAS**, on February 1, 2022, the Court held a Hearing on Plaintiff's Motion to

2    Continue Trial Date, in which the Court explained to the Parties that the Joint Stipulation to

3    Continue Trial Date and Related Pre-Trial Deadlines was denied because the case has not been

4    deemed complex and therefore must proceed with the current Jury Trial schedule. The Court

5    also explained that if the Parties agreed that the case should be deemed complex, a Joint

6    Stipulation could be filed to deem the matter complex and a request for a continuance of the

7    Jury Trial and all trial related deadlines could be made;

8    **WHEREAS**, counsel for Plaintiff and Defendant have met and conferred and agreed that

9    this action should be designated complex pursuant to California Rules of Court Rules 3.400,

10   3.402 (c) and 3.403(b);

11   **WHEREAS**, the Parties agree that this action satisfies multiple factors set forth for a

12   complex designation pursuant to California Rules of Court Rule 3.400, and that such a

13   designation will "avoid placing unnecessary burdens on the court or the litigants and to expedite

14   the case, keep costs reasonable, and promote effective decision making by the court, the parties,

15   and counsel." Cal. R. Ct. 3400(a); specifically, pursuant to Cal. R. Ct. 3400(b)(1)-(2), the instant

16   action will involve "[n]umerous pretrial motions raising difficult or novel legal issues that will be

17   time-consuming to resolve," including motions pertaining to anticipated discovery disputes, as

18   well as the "[m]anagement of a large number of witnesses or a substantial amount of

19   documentary evidence," including the deposition of large numbers of percipient witnesses such

20   as Defendant's current and former employees, their supervisors, its executive staff, and others, in

21   addition to information and documents related to, *inter alia*, the contact information of aggrieved

22   employees, time and wage statements of aggrieved employees, and Defendant's policies,

23   practices, and procedures relating to, *inter alia*, meal and rest periods, payment of wages, and

24   reimbursement of business expenses;

25   **WHEREAS**, the Parties wish to continue the Jury Trial date and all trial related

26   deadlines in this action based on the complex nature of the matter which will require

27   "exceptional judicial management"; a continuance will provide the Parties the opportunity to

28   engage in an informal discovery conferences if necessary, file motions to compel if necessary,

4

1  obtain documents, information, and deposition testimony from multiple witnesses necessary to

2  prepare for Trial, analyze and assess records, should the private mediation scheduled for April

3  18, 2022 not resolve the claims presently at issue;

4      **THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES**

5  **HERETO, THROUGH THEIR RESPECTIVE COUNSEL, AS FOLLOWS:**

6      1.      The Settlement Conference currently scheduled for May 19, 2022 at 8:30 a.m. is

7  continued to a date convenient for the Court.

8      2.      All Other Trial Related Deadlines, including the Deadline to Lodge all

9  Documents currently scheduled for May 31, 2022, is continued to a date convenient for the

10  Court.

11      3.      The Trial Readiness Conference currently scheduled for June 3, 2022 at 8:30

12  a.m. is continued to a date convenient for the Court

13      4.      The Jury Trial currently scheduled for June 6, 2022 at 9:00 a.m. is continued to a

14  date convenient for the Court

15      5.      All trial related deadlines (i.e., discovery cut off, excerpt cut off dates, etc.) are

16  hereby continued in accordance with the new trial date.

17      **IT IS SO STIPULATED.**

18  Date: February 23, 2022                           **LAWYERS *for* JUSTICE, PC**

19                                                          ᴛʀᴀᴠɪs  ᴊ ᴍᴀʜᴇʀ

20                                                    By: _____

21                                                          Travis J. Maher
                                                          *Attorneys for* Plaintiff

22                                                                      **Filed By Fax**

23

24  Date: February 23, 2022                           **RAIMONDO & ASSOCIATES**

25
                                                    By: _____
26                                                          Kevin B. Piercy
                                                          *Attorneys for* Plaintiff
27

28                                                                      **Filed By Fax**

**JOINT STIPULATION TO DEEM CASE COMPLEX AND CONTINUE TRIAL DATE AND RELATED PRE-TRIAL DEADLINES**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

## [PROPOSED] ORDER

The Court, having reviewed the Parties' Joint Stipulation to Continue Trial Date and Related Pre-Trial Deadlines, and good cause appearing, orders as follows:

1.   The Parties' stipulation is approved.

2.   The case is deemed complex.

3.   The Settlement Conference is continued to _____3/23/23_____.

4.   All Other Trial Related Deadlines are continued to_____.

5.   The Trial Readiness Conference is continued to ___4/7/23_____ _____.

6.   The Jury Trial is continued to _____4/10/23_____.

7.   All trial related deadlines (i.e., discovery cut off, expert cut off dates, etc.) are hereby continued in accordance with the new trial date.

**IT IS SO ORDERED.**

Dated: ___02/25/2022___        By: _____

Judge of the Tulare County Superior Court

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

JOINT STIPULATION TO DEEM CASE COMPLEX AND CONTINUE TRIAL DATE AND RELATED PRE-TRIAL DEADLINES

## PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

  On February 24, 2022, I served the foregoing document(s) described as: **JOINT STIPULATION TO DEEM CASE COMPLEX AND CONTINUE TRIAL DATE AND RELATED PRE-TRIAL DEADLINES** on interested parties in this action by Electronic Service as follows:

Kevin Barnes Piercy – *kbp@raimondoassociates.com*
James D. Miller – *jdm@raimondoassociates.com*
 Mark E. Haywood *(Paralegal)* – *meh@raimondoassociates.com*
**RAIMONDO & ASSOCIATES, a Law Corporation**
7110 N. Marks Avenue, Suite 104
Fresno, California 93711
*Mailing Address:* P.O. Box 28100, Fresno, CA 93729

*Attorneys for* Defendant Setton Pistachio of Terra Bella, Inc.

**[X]**  **BY E-MAIL PURSUANT TO ELECTRONIC SERVICE AGREEMENT**
  Pursuant to agreement between the parties to use electronic service in this matter, the above-referenced document(s) was transmitted to the person(s) at the e-mail address(es) listed herein at their most recent known e-mail address or e-mail of record in this action. I did not receive, within reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**  **STATE**
  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 24, 2022, at Glendale, California.

         _____
          Valerie Palomo

          **Filed By Fax**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On March 3, 2022, I served the foregoing document(s) described as: **NOTICE OF ENTRY OF JUDGMENT OR ORDER** on interested parties in this action by Electronic Service as follows:

Kevin Barnes Piercy – *kbp@raimondoassociates.com*
James D. Miller – *jdm@raimondoassociates.com*
  Mark E. Haywood *(Paralegal)* – *meh@raimondoassociates.com*
**RAIMONDO & ASSOCIATES, a Law Corporation**
7110 N. Marks Avenue, Suite 104
Fresno, California 93711
*Mailing Address:* P.O. Box 28100, Fresno, CA 93729

*Attorneys for* Defendant Setton Pistachio of Terra Bella, Inc.

**[X]    BY E-MAIL PURSUANT TO ELECTRONIC SERVICE AGREEMENT**
Pursuant to agreement between the parties to use electronic service in this matter, the above-referenced document(s) was transmitted to the person(s) at the e-mail address(es) listed herein at their most recent known e-mail address or e-mail of record in this action. I did not receive, within reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 3, 2022, at Glendale, California.

_____
Valerie Palomo

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PROOF OF SERVICE**

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Raimondo | Miller, ALC, 7110 North Marks Avenue, Suite 104, Fresno, California 93711.  My business mailing address is is Raimondo | Miller, ALC, P.O. Box 28100, Fresno, California 93729.  On May 18, 2022, I served the within documents:

- **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT SETTON PISTACHIO OF TERRA BELLA, INC.**

   ☒    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) set forth below.  I placed the envelope for collection and mailing following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

            I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Fresno, California.

   ☒    **BY ELECTRONIC SUBMISSION:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person(s) at the electronic service address(es) listed below.

| |
|---|
| Edwin Aiwazian, Esq.<br>LAWYERS FOR JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, CA 91203<br>TEL: 818-265-1020<br>FAX: 818-265-1021<br>e-service@calljustice.com<br><br>*Attorneys for Plaintiff,*<br>*JUSTIN HESTER* |

      I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California and the Federal Government that the above is true and correct.

      Executed on May 18, 2022, at Fresno, California.

_____
Jason Dunbar